IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNA CAMPBELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-390 |
| | § | |
| NULO, INC., D/B/A NULO PET FOOD, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, JENNA CAMPBELL ("Plaintiff" or "Ms. Campbell"), by and through her counsel, hereby files this Complaint against Defendant, NULO, INC., D/B/A NULO PET FOOD ("Defendant"), for willful violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA") and the Texas Labor Code §21.051 *et seq*. ("TCHRA"). In support of her causes of action, Plaintiff states the following:

## I.
## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, JENNA CAMPBELL, is an individual residing in Travis County, Texas.

3. Defendant, NULO, INC., D/B/A NULO PET FOOD, is a corporate entity formed and existing under the laws of the State of Delaware, having offices in Travis County, Texas.

4. The events at issue in this Complaint occurred in Austin, Texas.

5. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 USC § 1332(a).

6.      Plaintiff exhausted her administrative remedies under the ADA and the TCHRA by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission, Civil Rights Division ("TWC") and receiving a Right to Sue letter.

7.      Venue is proper in this district and division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## II.
## FACTUAL BACKGROUND

8.      Ms. Campbell began working for Defendant as Retail Marketing Manager in June 2019.

9.      Ms. Campbell was a productive employee with no disciplinary history.  She frequently earned praise for her work from company leadership.

10.     In March 2020, Ms. Campbell began teleworking from her home office, along with many other employees, due to the COVID-19 outbreak.

11.     Ms. Campbell continued to stay busy performing her job duties and did them well.

12.     On May 11, 2020, Michael Landa, CEO, announced that all employees were to return to working in the office by June 8, 2020.

13.     On May 12, 2020, Ms. Campbell emailed Zac Fellabaum, CFO/COO/HR, a doctor's note.  The note prescribed that Defendant accommodate Ms. Campbell's hypertension by allowing her to continue teleworking the following three months.

14.     Defendant received Ms. Campbell's doctor's note, but did not reach out to her about it.

15.     On May 18, 2020, Defendant furloughed Ms. Campbell, despite the fact that she still had lots of daily work.

16.     Upon information and belief, in addition to Ms. Campbell, Defendant also only furloughed one other employee: the Senior Training Manager.  The Senior Training Manager was the only other employee at Defendant who provided a doctor's note requiring her to continue teleworking as well.

17.     Upon information and belief, Defendant did not furlough other employees, such as employees on the sales team who had very little to no work to do.

18.     On June 11, 2020, Defendant posted a Product Marketing Lead position.  The position was essentially the same as Ms. Campbell's position.

19.     On July 1, 2020, Defendant terminated Ms. Campbell and claimed that it had eliminated her position.

20.     Upon information and belief, Defendant also terminated the Senior Training Manager who provided a doctor's note to continue teleworking, through an alleged role elimination.

21.     Upon information and belief, all other employees terminated by Defendant around this time were field-based or connected with the Brand Ambassador program it eliminated, but Ms. Campbell was neither of those.

22.     Upon information and belief, Ms. Campbell was the most qualified person for the Product Marketing Lead position, as it was essentially the same job Ms. Campbell was performing well at Respondent and had performed successfully at other companies.

23.     The same day Defendant terminated Ms. Campbell, it announced a substantial increase in the sales and merchandising team that she had supported.

**III.**
**CAUSES OF ACTION**

**Disability Discrimination**

24.     Plaintiff incorporates herein paragraphs 1-23, supra, as if repeated verbatim.

25.     The ADA and the TCHRA prohibit discrimination against an employee on the basis of their disability.

26.     Defendant is an employer within the meaning of the ADA and the TCHRA.

27.     Plaintiff was a qualified individual within the meaning of the ADA and the TCHRA at all times relevant to this Complaint.

28.     Plaintiff belongs to a class protected under the ADA and the TCHRA.

29.     By failing to accommodate Plaintiff, furloughing Plaintiff, and terminating Plaintiff, based on her actual or perceived disability, Defendant discriminated against Plaintiff in violation of the ADA and the TCHRA.

30.     At all times material hereto, Plaintiff was qualified for her employment as a Retail Marketing Manager.

31.     Defendant also discriminated against Plaintiff by failing to hire her for the Product Marketing Lead position, which she was substantially qualified for.

32.     Defendant discriminated against Plaintiff based on her disability intentionally and with reckless disregard to Plaintiff's rights under the ADA and the TCHRA.

33.     The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

## IV.
## DAMAGES

34.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic damages, including past and future lost income, interest on back and front pay, job search expenses and injury to credit, and other consequential and incidental financial damages.  Plaintiff has also suffered non-economic damages, such as emotional distress and mental anguish.

35.     Defendant acted in reckless disregard to Plaintiff's right to be free from disability discrimination and intentionally engaged in an unlawful employment practice by discriminating against Plaintiff.

36.     Defendant's oppressive and/or malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendant from engaging in such acts of discrimination in the future.

37.     Plaintiff is also entitled to her attorneys' fees and costs incurred in this matter.

## V.
## ATTORNEYS' FEES

38.     A prevailing party may recover reasonable attorneys' and experts' fees under the ADA and TCHRA.

39.     Plaintiff seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendant.

40.     Plaintiff additionally seeks recovery of all costs associated with the prosecution of this action.

## VI.
## JURY DEMAND

41.     Plaintiff demands a trial by jury of all the issues and facts in this case.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendant be cited to appear;

2. The Court award Plaintiff economic and/or non-economic damages, as specified above;

3. The Court award Plaintiff punitive damages, as specified above;

4. The Court award Plaintiff the equitable remedy of reinstatement or, in the alternative, front pay;

5. The Court award Plaintiff her reasonable attorneys' and expert fees and costs;

6. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed; and

7. The Court award Plaintiff any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

ROSS-SCALISE LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
T: (512) 474-7677
F: (512) 474-5306

*/s/ Brett C. Beeler*
**Daniel B. Ross**
State Bar No. 00789810
Dan@rosslawgroup.com
**Brett C. Beeler**
State Bar No. 24097357
Brett@rosslawgroup.com
**ATTORNEYS FOR PLAINTIFF**